UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:24-CR-00162-LSC-GMB |
| ) | |
| ) | |
| KIMBERLY LANETTA ) | |
| BLACKMON ) | |

## PLEA AGREEMENT

The Government and the defendant, **Kimberly Lanetta Blackmon,** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNT ONE** of the **INDICTMENT** filed in the above-numbered and -captioned matter; (ii), pay restitution as determined by the Court; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in section **VII**.

# TERMS OF THE AGREEMENT

## I.    MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for **Arson**, in violation of Title 18, United States Code, Section **844(i)**, as charged in **COUNT ONE**, is:

**A.**   Imprisonment for not less than 5 years and not more than 20 years;

**B.**   A fine of not more than **$250,000**, or,

**C.**   Both A and B;

**D.**   Supervised release of not more than **3** years; and

**E.**   A special assessment of **$100**.

## II.   FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

Around 4:45a.m. on October 18, 2022, Blackmon drove a 2002 silver Nissan Sentra to a parking lot near the Lakeview Green Apartment complex ("Lakeview Green") in Birmingham. Blackmon illegally entered the office lobby by force and propped the front door open. Blackmon exited and returned carrying a plastic bag with an object inside. Blackmon was wearing a black hoodie with a distinctive decal, grey sweatpants, and black shoes. Blackmon took the elevator

to the fourth floor and placed the plastic bag and object against the door of apartment unit 4L. On October 18, 2022, the tenant of apartment 4L was M.D. M.D. was away from the apartment when Blackmon arrived, and the apartment was unoccupied. Prior to October 18, 2022, T.H. was the tenant. T.H. had been romantically involved with D.H., Blackmon's ex-boyfriend. Blackmon briefly interacted with the incendiary device while outside of apartment 4L and then fled down a nearby stairwell. Moments later, the device exploded, creating a fireball that caused moderate damage to the door and the interior threshold of the apartment. The ensuing flames were contained and extinguished by the commercial fire suppression system. Birmingham Firefighters arrived and entered apartment 4L. Once inside, they confirmed that the fire had been extinguished.

A few hours later, around 8:45a.m., Blackmon returned to the lobby of the apartment complex and attempted to open the front door. Blackmon was wearing the same grey sweatpants but was no longer wearing the black hoodie. Observing Blackmon struggling with the door, a maintenance worker allowed her inside. Once inside, Blackmon encountered the property manager. The manager spoke with Blackmon, asking her if she had come to see someone in the building. Blackmon responded with feigned concern for her "cousin's apartment" and

claimed that she "heard there was a fire." Blackmon then left, claiming that "her kids" were in the car and that she "needed to get them." Blackmon then exited through the lobby entrance.

The manager then spoke with the building owner. The manager advised the owner that Blackmon had referenced an apartment unit that did not exist. Growing suspicious, the manager walked outside after Blackmon and was able to photograph the Sentra, including its license plate, moments before Blackmon drove off. A records search revealed that the plate belonged to the Sentra and was registered to Blackmon.

Later that morning, ATF agents began searching for Blackmon. Using an automated license plate reader hit, agents and BPD patrol officers were able to locate and stop the Sentra. They identified the driver as Blackmon's sister. The sister cooperated with agents and spoke with them voluntarily about Blackmon. The sister claimed that Blackmon allowed her to borrow Blackmon's car. The sister provided agents with an audio-visual recorded statement and identified her sister as the person who "gave me the keys to the car." Her sister also advised that Blackmon was present at the home around 11 a.m., when Blackmon gave her the keys. At some point during the stop, S.B. called Blackmon and asked her what was going on and why she had been pulled over. Blackmon abruptly hung up.

Defendant's Initials

S.B. completed a standard 6-person photo lineup and selected Blackmon as the person who gave her the keys to the Sentra.

Agents followed S.B. back to their home, but Blackmon's mother would not consent to allow agents to search the residence for Blackmon. Agents did locate some clothing that matched the clothes Blackmon wore, specifically the black hoodie with a distinctive decal and black shoes.

Agents then departed, and investigators with BPD sought and obtained a state arrest warrant for Arson, First Degree. Blackmon has not been interviewed by law enforcement.

ATF Special Agent Matthew Cross authored an investigative report concerning the fire. SA Cross utilized the methodology and terminology contained in the National Fire Protection Association 921: Guide for Fire and Explosion Investigations ("NFPA 921"). SA Cross followed the scientific method and considered various potential causes and ignition sources. He concluded that the fire should, per NFPA 921 guidelines, be classified as "incendiary." NFPA 921 defines an "incendiary" fire as "one deliberately ignited under circumstances in which the person knows that the fire should not be ignited," i.e. intentionally set and without justification. SA Cross further opined that Blackmon used an "open heat source, such as a lighter or a match" and an "ignitable liquid" to start

the fire. Carpet samples and fire debris near unit 4L tested positive for the presence of gasoline.

There was no evidence of accidental ignition, an electrical malfunction, or any environmental cause. The victim company and insurance carrier have claimed approximately **$467,690** in total direct and consequential losses as restitution, to be substantiated at sentencing.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

*/s/ Kimberly Blackmon*
**Kimberly Lanetta Blackmon**

### III.     RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

> **A.** That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense;

  (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

**B.** That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent **within** the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

**C.** That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release and the following special condition(s): Participate in mental health counseling

**D.** That the defendant be required to pay restitution, as determined by the Court, to all the victims of the defendant's crimes.

**E.** That the defendant be required to pay a fine in accordance with the Sentencing Guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

**F.** That the defendant be required to comply with the forfeiture provisions set forth in section XII of this agreement; and

**G.** That the defendant pay a special assessment of $100, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVERS

### A. STATUTE OF LIMITATIONS WAIVER

Defendant's Initials

In consideration of the recommended disposition of this case, I, Kimberly Lanetta Blackmon, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

## B. RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, Kimberly Lanetta Blackmon, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, Kimberly Lanetta Blackmon, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*[signature]*
Kimberly Lanetta Blackmon

## V.   UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of

this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;
- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;
- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has

or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;
- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.    AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office

Defendant's Initial

or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII. DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of **15** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS**

Defendant's Initials

BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

_8/21/24_  
DATE

_[signature]_  
**Kimberly Lanetta Blackmon**  
Defendant

## XIII. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

8/27/24
DATE

_____
Defendant's Counsel

## XIV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

**Prim F. Escalona**
United States Attorney

7/26/24
DATE

_____
**W. Lee Gilmer**
Assistant United States Attorney